IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Thurmond Guess, Sr., | Civil Action No. 3:24-1797-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Leonardo Brown as Richland County Administrator; Richland County Counsel [*sic*]; Darrell Jackson, Sr.; Rose Ann English; Alfred T. Guess; and Marjorie Guess, | |
| Defendants. | |

This matter is before the court on review of Plaintiffs' *pro se* Complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report").

On May 16, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 16. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections on May 30, 2024. ECF No. 19.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends dismissal of Plaintiff's claims. ECF No. 16. Specifically, it recommends dismissal of the *Monell* claim because Plaintiff has shown no policy or custom at work here, and alleged only actions specific to his own case. *Id.* at 4. As for the other constitutional claims, the Report found all individual Defendants other than Brown are private citizens and thus are not subject to liability under 42 U.S.C. § 1983. In addition, Brown is the current County Administrator, and as such Plaintiff alleged no facts showing Brown denied him due process on an easement filed in 1990. *Id.* The Report also notes this action is duplicative of two other cases previously filed and summarily dismissed. See Case No. 3:23-cv-2957; No. 3:23-cv-6408. Accordingly, the Magistrate Judge recommends this action be dismissed as duplicative. *Id.* at 6.

In his objections, Plaintiff alleges he has sufficiently pleaded the elements of an action under 42 U.S.C. § 1983 and a *Monell* claim. ECF No. 19 at 2. He contends he warned Brown and the County Council they were "acting under color of state law" and violating the constitution, but Brown and the Council sent a letter they were not going to give the property back. *Id.* Plaintiff also asserts the court misconstrued *Monell* and that he named the County Council as a Defendant,

2

which was left off the Report.[1] *Id.* at 2-3. He also objects to the finding that this is a duplicative action. *Id*. at 3.

The court agrees with the Magistrate Judge the Complaint does not set forth a viable federal claim under § 1983. Plaintiff's objections are overruled for the reasons stated in the Report: Defendants other than Brown are not state actors, and he fails to state a claim against Brown under § 1983. Claims under *Monell* are restricted to municipalities and not a single actor, and Plaintiff does not state a policy or custom at play here nor impact on anyone other than him. There are no separate claims made against Richland County Council, and if his intention was to allege a *Monell* claim against the Council, he does not identify a policy or custom that impacted him. After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts and incorporates the Report and Recommendation by reference in this Order. Plaintiff's Amended Complaint is hereby summarily dismissed without prejudice and without issuance and service of process.

In addition, the court previously warned Plaintiff that if he continued to file cases with the same or similar allegations, a pre-filing injunction may be entered. Case No. 3:23-6408, at ECF

---

[1] The court notes this is the first time Plaintiff has clearly indicated he wishes Richland County Council to be considered a separate Defendant from Leonardo Brown. Based on the wording and spelling in his Complaint, the court interpreted one Defendant as "Leonardo Brown, as Richland County Administrator, Richland County Counsel." See ECF No. 1 at 2. Based on Plaintiff's assertions in his objections, it appears he intended to list two Defendants, Leonardo Brown, as Richland County Administrator, and Richland County Council, with the same address. The court hereby directs the clerk to separate those Defendants on the docket. However, this change does not impact the court's ultimate finding in this case.

3

No. 19. The Magistrate Judge reiterated this in the Report as well. Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004). Before enjoining the filing of further actions, however, the district court must afford the litigant notice and an opportunity to be heard. *Id.* at 819. In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id.* at 819. Moreover, even if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue. *Id.* at 818.

In this case, the court finds Plaintiff has a history of filing *pro se* cases regarding the same issue: the easement he alleges was fraudulently obtained back in 1990. Despite multiple court orders explaining why his allegations are not cognizable in federal court, Plaintiff continues to file highly similar cases – this is his third. Both Magistrate Judges and the undersigned have explained why there is not a good faith basis for his claims. This is creating a considerable burden on the court to continue to explain the same reasoning to Plaintiff multiple times. However, it does not appear there is an alternative sanction that would accomplish the same end. Accordingly, the court hereby notifies Plaintiff of its intention to impose a narrow pre-filing injunction, prohibiting him

from filing additional cases (or additional motions to amend his Complaint in any of his previous or current cases) regarding the same allegedly fraudulent easement in federal court. Plaintiff shall have 21 days to respond to this notice to show cause why a pre-filing injunction should not be granted. Failure to do so will result in the injunction being entered without further input from Plaintiff.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 4, 2024